# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| STEPHANIE KIM C., | Case No.: 4:19-cv-00261-REP |
| Petitioner, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Respondent, | |

Pending is Petitioner Stephanie Kim C.'s Petition for Review (Dkt. 1), appealing the Social Security Administration's denial of her application for Supplemental Security Income benefits. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

On May 24, 2016, Petitioner filed an application for Supplemental Security Income benefits, alleging disability beginning February 3, 2010. This application was initially denied on October 20, 2016 and, again, on reconsideration on January 19, 2017. On March 3, 2017, Petitioner filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On May 4, 2018, ALJ Richard A. Opp held a video hearing, at which Petitioner, represented by attorneys Bradford D. Myler and Layla Zayin, appeared and testified. Karen S. Black, an impartial vocational expert, also appeared and testified at the same hearing.

On August 23, 2018, the ALJ issued a decision denying Petitioner's claim, finding that she was not disabled within the meaning of the Social Security Act. Petitioner timely requested

**MEMORANDUM DECISION AND ORDER - 1**

review from the Appeals Council.  On May 14, 2019, the Appeals Council denied Petitioner's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted her administrative remedies, Petitioner filed this case.  She argues generally that "[t]he conclusions and findings of fact of the [Commissioner] are not supported by substantial evidence and are contrary to law and regulation."  Pet. for Review at 2 (Dkt. 1). Specifically, Petitioner claims that (i) the ALJ's residual functional capacity determination failed to properly weigh the opinion evidence of record, and (ii) her case was adjudicated by an unconstitutionally-appointed ALJ.  Pet.'s Brief at 1, 4-13 (Dkt. 17).  Petitioner requests that the Court either reverse the ALJ's decision and find that she is entitled to disability benefits or, alternatively, remand the case for further proceedings and award attorneys' fees.  *Id*. at 13; *see also* Pet. for Review at 2 (Dkt. 1).

## II.  STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g);  *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  *See* 42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less than a preponderance.  *Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

**MEMORANDUM DECISION AND ORDER - 2**

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. <u>DISCUSSION</u>

**A.    Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial

**MEMORANDUM DECISION AND ORDER - 3**

work activity" is work activity that involves doing significant physical or mental activities.  20

C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay

or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the

claimant has engaged in SGA, disability benefits are denied regardless of her medical condition,

age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant has

not engaged in SGA, the analysis proceeds to the second step.  Here, the ALJ found that

Petitioner has not engaged in SGA since the May 24, 2016 application date.  AR 20 (finding

Petitioner worked after the application date but that such work did not rise to the level of SGA).

The second step requires the ALJ to determine whether the claimant has a medically

determinable impairment, or combination of impairments, that is severe and meets the duration

requirement.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination

of impairments is "severe" within the meaning of the Social Security Act if it significantly limits

an individual's physical or mental ability to perform basic work activities.  20 C.F.R.

§§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" if it

does not significantly limit the claimant's physical or mental ability to do basic work activities.

20 C.F.R. §§ 404.1522, 416.922.  If the claimant does not have a severe medically determinable

impairment or combination of impairments, disability benefits are denied.  20 C.F.R.

§§ 404.1520(c), 416.920(c).  Here, the ALJ found that Petitioner has the following severe

medically determinable impairments:  degenerative disc disease of the spine, osteoarthritis of the

bilateral knees, obesity, and affective disorder.  AR 20.

The third step requires the ALJ to determine the medical severity of any impairments;

that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R.

Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the

answer is yes, the claimant is considered disabled under the Social Security Act and benefits are

**MEMORANDUM DECISION AND ORDER - 4**

awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor

equal one of the listed impairments, the claimant's case cannot be resolved at step three and the

evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ

concluded that Petitioner's above-listed medically determinable impairments, while severe, do

not meet or medically equal, either singly or in combination, the criteria established for any of

the qualifying impairments. AR 21.

     The fourth step of the evaluation process requires the ALJ to determine whether the

claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past

relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is her

ability to do physical and mental work activities on a sustained basis despite limitations from her

impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work she

performed within the last 15 years, or 15 years prior to the date that disability must be

established, if the work lasted long enough for the claimant to learn to do the job and be engaged

in SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform light work as defined in 20
> C.F.R. § 416.967(b) except for the following limitations: lift, carry, push, and pull
> 20 pounds occasionally and 10 pounds frequently; stand and/or walk for a total of
> four hours in an eight-hour workday; sit for a total of about six hours in an eight-
> hour workday; occasionally operate foot controls with the bilateral lower
> extremities; occasionally work on ramps and stairs, but never work on ladders,
> ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and must
> avoid concentrated exposure to vibration, extreme cold, and unprotected heights.
> In addition, the claimant is limited to understanding, remembering, and carrying
> out short and simple instructions.

AR 22.

     In the fifth and final step, if it has been established that a claimant can no longer perform

past relevant work because of her impairments, the burden shifts to the Commissioner to show

that the claimant retains the ability to do alternate work and to demonstrate that such alternate

**MEMORANDUM DECISION AND ORDER - 5**

work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, she is disabled.  Here, the ALJ found that as of the date of his decision, Petitioner was not capable of performing her past relevant work, but that she was currently capable of working full-time as an office helper, parking lot attendant, or a sewing machine operator.  AR 28-30.  Based on these findings, the ALJ concluded that Petitioner was not disabled.  *Id.*

**B.    Analysis**

1.    <u>The ALJ Improperly Weighed the Medical Opinion Evidence, Calling Into Question the ALJ's RFC Determination</u>

Petitioner claims that the ALJ improperly considered the medical opinion evidence.  She argues that the RFC determination is not supported by substantial evidence because the ALJ improperly minimized the opinions of Rex Head, M.D., and Jared Keller, PA-C.  *See generally* Pet.'s Brief at 5-10 (Dkt. 17).  The Court agrees.

On September 24, 2016, Petitioner presented for an orthopedic examination with Dr. Head.  AR 419-26.  After examining Petitioner and reviewing x-ray results of her lumbar spine (taken that same day), Dr. Head concluded that, while the objective medical evidence did not support Petitioner's alleged limitations in manipulating small objects and reaching overhead, she *was* limited in the following respects:  (i) lifting occasionally 25-50 pounds, lifting frequently 10-20 pounds, and lifting constantly 10-20 pounds; (ii) carrying occasionally 20-50 pounds, carrying frequently 10-20 pounds, and carrying constantly less than 10 pounds; (iii) sitting for 30-60 minutes at a time, for a total of six to eight hours in an eight-hour workday; (iv) standing 30-60 minutes at a time, for a total of two hours in an eight-hour workday; (v) walking for less

than 30-60 minutes on level ground, for a total of less than two hours in an eight-hour workday;

and (vi) climbing, stooping, bending, walking crawling, kneeling, crouching, exposure to cold,

and travelling.  AR 426 (citing AR 417 (9/24/16 x-ray examination)).

On May 1, 2018, PA Keller completed a Physical Assessment, informed by Petitioner's

treatment history with him (alongside Dr. Brett Gochnour) at Family Health Services over the

years.  AR 539-40.[1]  Relevant here, PA Keller concluded that, owing to Petitioner's low back

pain and/or right knee pain, she could walk only one block without rest or significant pain.  AR

539.  To this end, PA Keller indicated that Petitioner (i) could sit for six hours and stand/walk for

one hour in an eight-hour workday; (ii) had to take unscheduled 10-15-minute breaks every hour

during an eight-hour workday; (iii) could occasionally lift less than 10 pounds, but never lift

more than 10 pounds; and (iv) would be absent from work three to four times a month as a result

of her impairments.  AR 539-40.

The ALJ afforded only "little weight" to each of these opinions. AR 26-27.  As to Dr.

Head, the ALJ disagreed that Petitioner is able to occasionally lift and carry up to 50 pounds,

pointing to Dr. Head's own observations of lumbar tenderness, a decreased range of motion, and

positive straight leg testing.  AR 26; *compare with* AR 22 (ALJ's RFC determination referencing

Petitioner's ability to occasionally lift and carry only 20 pounds).  The ALJ also noted

subsequent x-ray results (unavailable to Dr. Head at the time of the September 24, 2016

examination) that "somewhat support[ed]" Petitioner's complaints of chronic low back pain –

presumably in ways that did not track Dr. Head's less restrictive opinion(s).  AR 26.  On the

other hand, the ALJ cited to Petitioner's self-reports of biking twice a day and walking "quite a

---

[1]  In November 2016, PA Keller also completed a form to assess Petitioner's eligibility
for vocational rehabilitation.  AR 442.  Therein, PA Keller noted only that Petitioner is not
disabled due to her depressive disorder.  *Id.*  Petitioner's appeal before this Court does not speak
to her alleged depression and its limiting effects, if any.

**MEMORANDUM DECISION AND ORDER - 7**

bit" as belying Dr. Head's more restrictive opinion that she is capable of standing and/or walking for less than four hours in an eight-hour workday.  *Id*.; *compare with* AR 22 (ALJ's RFC determination referencing Petitioner's ability to stand and/or walk for a total of four hours in an eight-hour workday).

As to PA Keller, the ALJ similarly disagreed that Petitioner's limitations reflect a less-than-sedentary RFC.  AR 27.  Specifically, the ALJ emphasized that PA Keller did not explain *why* Petitioner would be excessively absent from work, or for that matter, *how* PA Keller's limited treatment records and clinical observations suggest pain or depressive symptoms of such severity that warrant restricting Petitioner to a correspondingly-limited exertional level.  *Id*. (citing AR 400, 404, 423-25, 467).  All in all, the ALJ discounted PA Keller's opinions as inconsistent with the surrounding medical record.

These circumstances frame the issue(s) for resolution – namely, whether the ALJ properly weighed Dr. Head's and PA Keller's opinions, especially on the lynchpin issue of Petitioner's ability to stand and/or walk.  Here, the ALJ's RFC determination presumes that Petitioner can stand and/or walk more than either Dr. Head or PA Keller contends is the case (four hours as compared to something less than that) and, thus, the ALJ found that Petitioner is capable of engaging in light work and not disabled.

The ALJ is responsible for resolving ambiguities and conflicts in the medical record. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The applicable rules distinguish among medical opinions based on whether the physician providing the opinion (i) treated the claimant (a treating physician), (ii) examined but did not treat the claimant (an examining physician), or (iii) neither examined nor treated the claimant (a non-examining or reviewing physician).  *Garrison*, 759 F.3d at 1012.  In general, the opinions of treating physicians are given more weight than opinions of examining physicians, and the opinions of examining physicians are afforded more

weight than the opinions of reviewing physicians.  *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).  The ALJ must provide clear and convincing reasons for rejecting the uncontradicted medical opinion of a treating or examining physician, or specific and legitimate reasons for rejecting contradicted opinions, so long as they are supported by substantial evidence.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Because Dr. Head's and PA Keller's opinions are contradicted with respect to Petitioner's ability to stand and/or walk, the ALJ must supply specific and legitimate reasons, based on substantial evidence in the record, before giving either opinion less than full weight. On that score, the ALJ reasoned that, because Petitioner rides her bike twice a day and walks "quite a bit," she is capable of standing and/or walking at least four hours in an eight-hour workday.  *See* AR 26 (ALJ stating: "Moreover, the claimant's reports of biking twice daily and walking quite a bit do not support restricting the claimant to standing and/or walking for less than four hours in an eight-hour workday.").  Except these do not amount to specific and legitimate reasons for setting aside either of Dr. Head's or PA Keller's opinions on this point.

To begin, these referenced activities are extruded from only two office visit notes, each presented in the context of treating Petitioner's depression (*not* back/knee pain).  *See* AR 377 (PA Keller indicating on August 2, 2016:  "Pt. has been riding her bike twice daily."); AR 499 (PA Keller indicating on February 2, 2017:  "Pt. has been walking quite a bit.").  Nowhere in the balance of the record are these statements elaborated upon or repeated in any material way.  *But see* AR 254-56 (within August 15, 2016 "Function Report – Adult," Petitioner stating that she walks, rides in a car, and rides a bicycle when needing to go out, but that her conditions nonetheless affect her ability to sit, squat, bend, stand and walk, and that she can only walk one block before needing to stop and rest).  The ALJ did not even confront Petitioner about these topics during the May 4, 2018 hearing, instead presuming their existence when presenting

**MEMORANDUM DECISION AND ORDER - 9**

hypothetical questions to the vocational expert.  In short, the statements transcribed in these treatment notes largely exist in isolation and do not corroborate the ALJ's findings.

But more to the point, these activities – presented without context – do not inform the extent of Petitioner's capabilities to stand and walk in an eight-hour workday, five days a week. Stated differently, that Petitioner may be able to ride her bike twice a day cannot *ipso facto* translate into an ability to stand and/or walk for four hours unless the medical dots that populate that circumstance are meaningfully identified and connected.  Without more, one simply does not equal the other.

The same goes for Petitioner's offhand claim of walking "quite a bit."  The record supplies no way of gauging what this possibly means when trying to understand the limits of Petitioner's physical abilities.  *See, e.g.*, *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.").  Because the statement "quite a bit" is so subjective, its utility and reliability are naturally compromised, absent some other objective means for measuring its significance here.

As a result, the ALJ's reasons for departing from Dr. Head's and PA Keller's opinions, and determining that Petitioner is able to stand and/or walk for a total of four hours in an eight-hour workday, are neither specific and legitimate, nor supported by substantial evidence in the record.[2]  The ALJ erred in rejecting Dr. Head's and PA Keller's opinions on these grounds.

---

[2]  Respondent offers additional reasons to justify the ALJ's findings in this respect.  *See* Rspt.'s Brief at 4-5 (Dkt. 19) (discussing Petitioner's work during period at issue, Petitioner's other daily activities, and conflicting x-ray reports).  These reasons were not expressly relied upon by the ALJ but are insufficient regardless.  First, the ALJ already considered Petitioner's work history.  *See* AR 20 ("The claimant worked after the application date but this work activity did not rise to the level of substantial gainful activity.").  Additionally, it is unclear how such a

2.      The ALJ Had No Valid Constitutional Authority to Issue a Decision

Petitioner separately asserts that the ALJ was unconstitutionally appointed and should

have been barred from adjudicating her claim.  Pet.'s Brief at 10 (Dkt. 17) (citing *Lucia v.*

*S.E.C.*, 138 S.Ct. 2044 (2018)).  Respondent counters that Petitioner never made such an

argument before now, and therefore, forfeited such a claim.  Respt.'s Brief at 8-9 (Dkt. 19).

Much legal ground has been covered in between the time Petitioner raised this argument and

now.  Namely, in *Carr v. Saul*, 141 S.Ct. 1352 (2021), the United States Supreme Court recently

resolved this very issue in Petitioner's favor.

Setting the stage, in *Lucia*, the Supreme Court granted *certiorari* to determine whether an

ALJ in an enforcement proceeding before the Securities and Exchange Commission ("SEC") was

an Officer of the United States within the meaning of the Appointments Clause of the

Constitution and needed to be appointed by the President or an agency head.  *Lucia*, 138 S.Ct. at

2049.  The Supreme Court held that these ALJs were Officers of the United States because they

had career appointments to a continuing office established by law and exercised significant

discretion in carrying out important functions.  *Id*. at 2053.  The Supreme Court further found

that the ALJs had sufficient authority to ensure fair and orderly adversarial hearings and nearly

---

work history (seasonal truck driver) speaks to Petitioner's ability to stand and/or walk.  Second,
the fact that Petitioner lives alone, handles her personal care, prepares meals, performs household
chores, and shops in stores does nothing to suggest that Petitioner is capable of standing up to
four hours in an eight-hour workday.  Third, any congruency between the ALJ's conclusions and
the September 24, 2016 x-ray report's "unremarkable" impression ignores the fact that the report
was incomplete.  *See* AR 417 ("*Images are still in the incomplete/pending status at the time of
this dictation*.") (emphasis added).  To be sure, in stark contrast to the earlier x-ray, a March 6,
2017 x-ray report found "severe multilevel degenerative disc and spondylitic disease with
levoscoliosis."  AR 444.  Respondent's argument that the 2016 findings themselves were valid
despite the incompleteness of the images is almost nonsensical.  Respt.'s Brief at 5, n.3 (Dkt. 19)
("[T]he *images* were listed as being in the 'incomplete/pending status at the time of this
dictation," but the findings that the reviewing physician listed after viewing the images were not
listed as tentative.") (emphasis in original).   Incomplete images do not support definitive
findings.

**MEMORANDUM DECISION AND ORDER - 11**

all the tools of federal trial judges.  *Id*.  It further concluded that the appropriate remedy for an

adjudication "tainted" with an Appointments Clause violation was a new hearing before a

properly-appointed official.  *Id*. at 2055.  Important here, *Lucia* specifically ruled that a claimant

was entitled to relief only if she made a "timely" administrative challenge to the ALJ's

appointment.[3]  *Id*.  However, the Supreme Court did not define a "timely" challenge (the plaintiff

in *Lucia* had raised a challenge during the administrative proceeding stage).  *Id*.  Thus, *Lucia* did

not address the issue in this case:  whether Petitioner had forfeited the right to raise an

Appointments Clause challenge by failing to raise it during the administrative proceedings.

On April 22, 2021 – after both parties filed their briefs and during the pendency of this

case – the Supreme Court decided *Carr.  Carr* involved six petitioners whose Social Security

disability petitions had been denied by an ALJ prior to *Lucia*.  *Carr*, 141 S.Ct. at 1356.  They

challenged the outcome in federal court, arguing that, under *Lucia*, they were entitled to a fresh

administrative review by constitutionally-appointed ALJs.  *Id*.  In each case, the lower court held

that, consistent with *Lucia*, the petitioners could not obtain judicial review because they failed to

raise those challenges in their administrative proceedings.  *Id*. at 1357.  The Supreme Court

disagreed.  It held that exhaustion was not required given the non-adversarial nature of Social

Security disability benefits proceedings.  *Id*. at 1360-62.  Stated another way the Supreme Court

held that claimants are not required to raise an Appointments Clause challenge at the

administrative agency level and may do so for the first time in federal court.  *Id*. at 1362.

As a result, the Court finds that Petitioner is not barred from raising her Appointments

Clause challenge in this litigation.  Because the ALJ overseeing Petitioner's claim was not

---

[3]  *Lucia* concerned only ALJs from the SEC.  However, on July 16, 2018, then-acting Commissioner of Social Security Nancy Berryhill reappointed the ALJs of the Social Security Administration, including both ALJs and Administrative Appeals Judges, under her own authority.  SSR-19-1p, 2019 WL 1324866, *2 (Mar. 15, 2019).

**MEMORANDUM DECISION AND ORDER - 12**

constitutionally appointed at the time he conducted the hearing, Petitioner is entitled to remand for a hearing before a constitutionally-appointed ALJ and a new decision on her claim. *See Lucia*, 138 S.Ct. at 2055.[4]

## IV.  CONCLUSION

The ALJ is the fact-finder and is solely responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098.  If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the court may not substitute its own interpretation for that of the ALJ. *Ludwig*, 681 F.3d at 1051; *Batson*, 359 F.3d at 1196.  In this case, however, the reasons given by the ALJ for rejecting certain medical opinions are not properly supported, potentially affecting the ALJ's RFC analysis.

When an ALJ's denial of benefits is not supported by the record, district courts possess discretion under 42 U.S.C. § 405(g) to remand for further proceedings or for an award of benefits. *Treichler*, 775 F.3d at 1099 (9th Cir. 2014).  The proper course turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings and when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100.  In most cases, however, remand for additional investigation or explanation is preferred. *Hill v.*

---

[4]  The Court notes that, although the ALJ's decision was not issued until after July 16, 2018 (the date the then-acting Commissioner properly appointed all of the agency ALJs (*see supra*)), such a fact does not change the analysis because Petitioner still did not have an opportunity to have a hearing before a constitutionally-appointed ALJ. *See, e.g.*, *Underwood v. Saul*, 2021 WL 1593231, at *1, 3-4 (D. Nev. 2021); *Wooden v. Comm'r of Soc. Sec.*, 2021 WL 533508, at *3 (S.D.N.Y. 2021) ("I note that it is irrelevant to the analysis that the ALJ was constitutionally appointed on July 16, 2018, after Wooden's hearing on April 20, 2018, but before issuing the decision on August 2, 2018.  As other districts have noted, a claimant's interest in having a hearing before a properly appointed ALJ squarely presents an Appointments Clause issue.") (internal quotation marks omitted).

*Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).  Such remands allow for the ALJ to resolve any outstanding issues in the first instance.

In this case, it remains uncertain whether the ALJ would be required to award Petitioner full benefits if the errors in the ALJ's treatment of the medical opinions are properly addressed. Additionally, whether the ALJ even had valid constitutional authority to issue the August 23, 2018 decision denying benefits is now called into question under *Carr*.  The Court will, therefore, reverse and remand for further proceedings under the ordinary remand rule, *Carr*, and *Lucia*.  On remand, the ALJ is directed to reevaluate the medical record consistent with this disposition.

## V.  <u>ORDER</u>

Based on the foregoing, Petitioner's request for review is GRANTED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order.



DATED:  September 20, 2021

_____
Honorable Raymond E. Patricco
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**